# United States Court of Appeals for the Fifth Circuit

—————————

No. 22-10887
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTUR GILOWSKI,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-451-20

———————————————————————

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.
PER CURIAM:[*]

Artur Gilowski timely appeals his trial conviction for conspiracy to commit interstate transportation of stolen property and conspiracy to commit mail fraud. He argues that the district court misapplied several Sentencing Guidelines enhancements and that some elements of the jury's decision are unfounded. His conviction stems from high-level involvement

—————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

in a crime ring which sent groups of thieves to national retailers to steal small electronics that a smaller number of individuals in Chicago would then resell on the internet.

We conclude that the district court correctly applied the Sentencing Guidelines. First, Gilowski presents an argument about the amount of actual loss, but the amount used was presented by Gilowski, so any error is invited and therefore reviewed for manifest injustice. *See United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020). Gilowski presents no binding or persuasive authority that there has been manifest injustice regarding the amount of actual loss in this case.

Second, Gilowski offers a different interpretation of the record evidence around his role in the conspiracy. He objected to this enhancement, so we review the district court's application of the Guidelines *de novo* and its factual findings for clear error. *See United States v. Delgado–Martinez*, 564 F.3d 750, 751 (5th Cir. 2009). His argument does not demonstrate error, as Gilowski only offers an alternate reading of the facts.

Third, Gilowski argues that the mass marketing enhancement requires direct solicitation and direct harm to consumers. He did not object to the application of this enhancement, so we review this argument under a deferential plain error standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 759–60 (5th Cir. 2008). This argument is foreclosed by our precedent. *See United States v. Isiwele*, 635 F.3d 196, 204–05 (5th Cir. 2011); *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002).

Fourth, Gilowski argues that the enhancement in the Guidelines for obstruction requires an affirmative finding of perjury. He objected to this enhancement, so we review the legal conclusions *de novo* and the factual findings for clear error. *See Delgado–Martinez*, 564 F.3d at 751. The text of

the Guidelines does not require a perjury finding more explicit than what the district court held in this case. *See* U.S.S.G. § 3C1.1 & comment n.4(B).

Finally, Gilowski argues that no reasonable jury could have found him guilty beyond a reasonable doubt. He admits the government created an inference that the goods he sold were stolen, and juries may draw reasonable inferences from the evidence presented. *See United States v. Vargas-Ocampo,* 747 F.3d 299, 301 (5th Cir. 2014). Gilowski's other sufficiency argument is that his text messages used by the government should have been prohibited as both hearsay and co-conspirator statements. The text messages were not hearsay because they were not offered to prove the truth of the matter asserted. *See United States v. Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989). Gilowski's argument around co-conspirator statements is not fully formed and cites no authority. It therefore is insufficiently briefed. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Thus, we find that a reasonable trier of fact could have found that Gilowski was guilty beyond a reasonable doubt.

AFFIRMED.